IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANGELA POPE, #21771-021, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )  Case No. 20-cv-00778-JPG |
| | ) |
| USA, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

Plaintiff Angela Pope is an inmate in the custody of the Federal Bureau of Prisons and is currently housed at the Federal Correctional Institution at Greenville, Illinois (FCI-Greenville). Represented by counsel, Plaintiff brings this action against the United States pursuant to the Federal Tort Claims Act ("FTCA") for shoulder injuries she sustained after falling from her top bunk at FCI-Greenville. (Doc. 1). The prison's physician, Dr. Ahmed, allegedly disregarded Plaintiff's complaints of dizziness, low thyroid function, and her request for a low bunk pass prior to the fall. (*Id*. at 1-5). She seeks money damages from the United States for the doctor's misconduct. (*Id*. at 5).

The Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous or malicious, fails to state a claim for relief, or seeks money damages from an immune defendant must be dismissed. *See* 28 U.S.C. § 1915A(b). The Complaint survives screening under Section 1915A. Plaintiff's FTCA claim against the United States ("Count 1") shall receive further review.[1]

---

[1] The Court notes that Plaintiff did not submit a certificate of merit and report pursuant to 735 ILCS § 5/2-622, but this does not warrant dismissal of the Complaint at this early stage. *See Young v. United States*,

1

**Disposition**

**IT IS HEREBY ORDERED** that **COUNT 1** survives screening against Defendant **USA**. Counsel for Plaintiff may initiate service of this lawsuit on the defendant without further delay. Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).  **Further, because this case arises from the alleged denial of medical care, the Clerk's Office is DIRECTED to ENTER the Court's standard HIPAA Qualified Protective Order.**

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 8/13/2020**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**U.S. District Judge**

---

942 F.3d 349, 351 (7th Cir. 2019).  (holding that "a complaint in federal court cannot properly be dismissed because it lacks an affidavit and report under § 5/2-622.").